**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| EXPRESS MOBILE, INC.<br><br>Plaintiff,<br><br>v.<br><br>BIGCOMMERCE, INC.<br><br>Defendant. | C.A. No. 2:17-cv-00160<br><br>**JURY TRIAL DEMANDED** |

**EXPRESS MOBILE'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS FOR IMPROPER VENUE**

Robert Kiddie
Texas Bar No. 24060092
Devlin Law Firm LLC
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Dated: June 16, 2017

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................ **Error! Bookmark not defined.**

II. PROCEDURAL BACKGROUND .................................... **Error! Bookmark not defined.**

III. LEGAL STANDARD ........................................................ **Error! Bookmark not defined.**

IV. ARGUMENT ........................................................ **Error! Bookmark not defined.**

A. Venue Is Proper Under the Law .......................................... **Error! Bookmark not defined.**

B. Defendant's Motion Improperly Attempts to Seek Transfer ........... **Error! Bookmark not defined.**

1. Defendant's Assertion of Partial Facts Creates an Incomplete Evidentiary Record **Error! Bookmark not defined.**

C. Express Mobile's Presence in Texas Is Legitimate and Substantially Pre-dates Its License Campaign ........................................................ **Error! Bookmark not defined.**

V. CONCLUSION ........................................................ **Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
No. 16-341, 2017 U.S. LEXIS 3213 (May 22, 2017) …………………………... 1, 2, 3, 5

*Fourco Glass Co. v. Transmirra Products Corp.*,
353 U. S. 222, 229 (1957) ……………………………………………….……….…… 1

*In re Volkswagen of Am., Inc.*,
545 F.3d 304, 315 (5th Cir. 2008) ………………………………………………………. 5

*Stonite Products Co. v. Melvin Lloyd Co.*,
315 U. S. 561 (1942) ……………………………………………………………………….. 5

*Aloft Media, LLC v. Yahoo!, Inc.*,
No. 6:08-CV-509,
2009 U.S. Dist. LEXIS 48716, *4-5 (E.D. Tex. June 10, 2009) ……………..…….…… 6

Plaintiff Express Mobile, Inc.("Express Mobile"), by and through undersigned counsel, hereby submits its Response to Defendant's Amended Motion to Dismiss for Improper Venue, and respectfully request that the Court deny Defendant's motion in its entirety.

## I. INTRODUCTION

In its Amended Motion to Dismiss, Defendant abandons its original 12(b)(6) motion, and instead chooses to proceed as a Motion to Dismiss for Improper Venue, ostensibly under Fed. R. Civ. P. 12(b)(3).

Defendant's motion should be denied for a number of reasons. First and foremost, venue is, in fact, proper under *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, Slip Op. (May 22, 2017). The venue statute is straightforward. The Supreme Court's decision in *TC Heartland* was unequivocal in its reaffirmance of the holding in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U. S. 222, 229, that "§ 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions." Slip Op. at 5 (internal quotes omitted). The Supreme Court went on to hold the term "residen[ce] in § 1400(b) refers only to the ***State*** of incorporation." *TC Heartland*, Slip Op. at 10 (emphasis added). It is undisputed that Defendant is incorporated in Texas. Defendants' summary reliance on a case decided 75 years and four venue statutes ago is unavailing.

Second, the bulk of Defendant's Amended Motion to Dismiss, is devoted to facts more suitably addressed in a motion to transfer under 28 U.S.C. § 1404. But Defendant never actually moves under the appropriate statute, and its factual discussion fails to address the relevant factors applicable to motions to transfer. As just two examples, Defendant never addresses time to trial, or the ease of access to sources of proof. Given that venue is proper in this District, Defendant has failed to even attempt to meet, nor adequately met, its burden for transfer.

Finally, Defendant devotes a substantial portion of its motion to Express Mobile's motives and connections to the State of Texas and makes the biased, self-serving conclusion that Express Mobile's connections with the forum state are purely litigation-driven. Defendant's investigation into the facts surrounding Express Mobile's connections with the State of Texas is woefully inadequate. In truth, Express Mobile's connections with the State of Texas significantly predate Express Mobile's patent enforcement campaign. For the foregoing reasons, and as discussed in more detail below, the Court should deny Defendant's Amended Motion to Dismiss in its entirety.

## II. PROCEDURAL BACKGROUND

On May 12, 2017, Defendant BigCommerce, Inc. ("BigCommerce" or "Defendant") originally filed a Motion to Dismiss Express Mobile's Complaint Under Rule 12(b)(6) asserting that Express Mobile's complaint did not meet the pleading standard of Fed. R. Civ. P. Rule 8 as clarified by *Iqbal* and *Twombly*. (Dkt. 14.) On May 22, 2017, the Supreme Court issued its opinion in *TC Heartland*. In light of that decision, Defendant moved to amend its Motion to Dismiss (Dkt. 30) which was subsequently granted by this Court (Dkt. 31).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action brought in an improper venue. If the Court finds that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

## IV. ARGUMENT

### A. Venue Is Proper Under the Law

Defendant filed its Amended Motion to Dismiss in light of the Supreme Court's decision in *TC Heartland*. In *TC Heartland* the Supreme Court held that 28 U.S.C. § 1400(b) is the only

relevant venue provision in patent infringement suits and that the broad definition of "residence" in 28 U.S.C. § 1391 is irrelevant. *TC Heartland*, Slip Op. at 9-10.

Accordingly, 28 U.S.C. § 1400(b) states: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides." Of primary importance to the adjudication of Defendant's motion is that Defendant is incorporated in Texas, as a search of the records on file with the Texas Secretary of State reveals:

A search of our records reveals the following information for the entity record selected.

Entity Name: BigCommerce, Inc.
Entity Type: Domestic For-Profit Corporation
Jurisdiction: TEXAS, USA
File Number: 801089133
Formation File Date: February 20, 2009 Effective: February 20, 2009

The status of the entity is in existence.

The name and address of the registered agent and office in Texas is:

JEFFREY MENGOLI
11305 FOUR POINTS DR.
BLDG 2, FLR 3
AUSTIN, TX 78726
USA

**State of Texas, Office of Secretary of State, Entity Information Letter**

Indeed, there is no dispute that Defendant is incorporated in Texas. Defendant therefore "resides" for purposes of venue in patent cases, in the State of Texas where it is incorporated.

For the term "resides" to have meaning, it must be something different than "regular and established place of business" found in the second prong of § 1400(b). Indeed, Stanford professor Mark Lemley, who submitted an amicus brief in *TC Heartland* on behalf of various law and economics professors, and which was largely adopted in the Supreme Court's decision

in that case, posited that "[t]he term 'resides' § 1400(b) must mean something different than having 'a regular and established place of business.' Otherwise, there would have been no reason to include both provisions in the venue statute, or to link them through the disjunctive term 'or.'" Brief of *Amici Curiae* 56 Professors of Law and Economics in Support of Petition for Writ of Certiorari at 4. Professor Lemley's brief went on to state:

> For patent infringement cases, the relevant aspect of personal jurisdiction is typically specific jurisdiction, which focuses on whether the defendant's suit-related conduct establishes a "substantial connection" with the judicial forum in question. *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). But a corporation will have established a suit-related "substantial connection" with, and thus be subject to jurisdiction in, any district in which it "has committed acts of infringement and has a regular and established place of business." So the Federal Circuit's decision to read the § 1391(c) definition of "resid[ing]" into § 1400(b) renders the second half of the latter section superfluous as to corporations, a category which includes virtually all patent defendants. A judicial reading that renders half of a statutory provision superfluous is strongly disfavored. *United States v. Jicarilla Apache Nation*, 131 S.Ct. 2313, 2330 (2011).

*Id.* at 4-5.

Tellingly, Professor Lemley stated his belief that a domestic corporation resides in all districts of the state in which it is incorporated in an exchange on the Twitter social platform. Not coincidentally, the Twitter user identified as "Uncle Jack" in the string below is believed to be (based on consistencies between the subject matter of other statements by the same user and statements on Mr. Agarwal's own—now defunct—firm web site) Defendant's counsel, Amit Agarwal:



*TC Heartland* clearly and unambiguously held that, for purposes of venue in patent cases, that a domestic corporation such as Defendant is here resides in its State of incorporation. Accordingly, BigCommerce resides in Texas, and venue is proper in the Eastern District of Texas. Defendant's Motion to Dismiss should be denied for this reason alone.

Defendant's entire analysis regarding venue is comprised of a single, short paragraph. After a one sentence description of *Stonite Products Co.* v. *Melvin Lloyd Co.*, 315 U. S. 561 (1942), Defendant then concludes that it is "today's Stonite." (Dkt. 13 at 1.) Defendant offers zero analysis regarding its "residence," and only the briefest of reference to whether Defendant maintains a "place of business" in this District. Defendant's complete lack of reasoning for reliance on a case from 75 years ago, and four versions of the statute ago, is inexplicable.

**B. Defendant's Motion Improperly Attempts to Seek Transfer**

Defendant, while explicitly moving for dismissal under Fed. R. Civ. P. 12(b)(3), attempts to hedge its bet by asking for a transfer to the Northern District of California. Because Defendant has foreclosed on the possibility that venue is proper in this District, Defendant gives no weight to Express Mobile's choice of forum and does not make any analysis of the private and public interest factors that this Court must consider.

Defendant attempts to obfuscate this failure by self-servingly stating that the convenience factors do not apply. As discussed above, however, venue is proper in this District, requiring any motion to transfer to include an analysis of the private and public interest factors. These private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"). The public interest factors include: "(1) the administrative difficulties

flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Id*.

Because venue is proper in this District, Defendant must address these factors in a proper motion to transfer. If, after consideration of the factors, the movant fails to show that the transferee venue is "clearly more convenient," then the "Express Mobile's choice of venue must be respected." *See*, e.g., *Aloft Media, LLC v. Yahoo!, Inc.*, No. 6:08-CV-509, 2009 U.S. Dist. LEXIS 48716, *4-5 (E.D. Tex. June 10, 2009). Because Defendant has not addressed any of these issues, Defendant's motion should be denied.

**1. Defendant's Assertion of Partial Facts Creates an Incomplete Evidentiary Record**

In its motion, Defendant relies solely on an Affidavit from its General Counsel to establish that it does not have a place of business in this District. Notwithstanding that "place of business" as that term is used in § 1400(b) has not been interpreted in the context of internet-based companies, the evidentiary record is incomplete. For example, Defendant states, "BigCommerce's Austin presence includes lower-level, non-executive technical employees and upper management for corporate and finance. For a patent infringement matter, between NDCA and WDTX, the interests of justice point to NDCA as the proper transferee district." Tellingly, Defendant does not dispute that at least some of its clients are based in this District. Furthermore, Defendant's own online description of its offices suggest that more technical activities are undertaken at one of its Austin offices than Defendant is letting on.

Austin, Texas / Downtown

Our downtown Austin office is primarily dedicated to Engineering and Product teams working to solve some of our customers' most complex problems. It's close to other tech companies and startups, not to mention landmarks like South Congress, Lady Bird Lake, 6th Street and more.

https://www.bigcommerce.com/about-us/

Additionally, Defendant's description of its San Francisco office operations belies Defendant's description of it as the technical nerve center.

San Francisco, California

Our San Francisco office is in the heart of the Financial District, close to a BART stop and surrounded by great coffee shops, restaurants and bars. Designed from the get-go to host Tech Talks, we frequently bring in industry leaders to discuss the latest trends in commerce technology.

https://www.bigcommerce.com/about-us/

At the very least, Express Mobile should be granted the opportunity to conduct discovery into the extent of Defendant's operations in Texas and this District, including discovery into its employees in Texas and the scope of those employees' duties and responsibilities.

**C. Express Mobile's Presence in Texas Is Legitimate and Substantially Pre-dates Its License Campaign**

Defendant paints a biased and false picture of Express Mobile's history in Texas based on pure speculation of Express Mobile's motives. Defendant states that Express Mobile's Texas ties are purely litigation-driven. (Dkt. 13 at 4.) In support of this biased, self-serving speculation, Defendant cites a number of purported "facts."

Defendant denigrates Express Mobile's stated place of business by pointing out that Express Mobile's place of business corresponds with the address of another company, DSS Technology Mgt., Inc., that has chosen to enforce its patents in this District. As this case is still in its infancy, discovery has not yet commenced. However, Defendant merely concluded that something nefarious must be afoot because Express Mobile's address coincided with another company known to protect its intellectual property.

Because it fits with its biased, self-serving narrative, Defendant failed to consider any alternative explanations. Document Security Systems, Inc. ("DSS"), the parent company of DSS Technology Mgt., is an operating company that specializes in anti-counterfeit, authentication, and diversion protection technologies. *See, e.g.,* https://www.dsssecure.com/about_dss.html. Express Mobile has had a business relationship with DSS since at least November of 2013, a fact that would have been revealed to Defendant had it conducted a reasonable search. *See, e.g.,* http://irdirect.net/prviewer/release/id/398948.

At least since January of 2014, DSS has sub-leased office space to Express Mobile. (Declaration of Steve Rempell, attached hereto as Exhibit A at ¶ 6.) This occurred more than one year prior to the first lawsuit brought by Express Mobile. (Rempell Decl. at ¶¶ 6, 9.) The relationship between Express Mobile and DSS continues to this day. (Rempell Decl. at ¶ 8.)

As demonstrated above, Defendant's biased, self-serving narrative is based on demonstrably false assertions and should be given no credence in the Court's evaluation of Defendant's Amended Motion to Dismiss.

Defendant also cites to the fact that Express Mobile's litigation attorney registered Express Mobile to do business in the State of Texas. (Dkt. 13 at 4.) Defendant seems to have arrived at a conclusion because fits its self-serving narrative, and apparently has not considered

that it might be expeditious and efficient to have Express Mobile's current counsel perform this task rather than engage another company or professional to accomplish it.

Finally, in its motion, Defendant states, "The mailing address Express Mobile elected to present the Secretary of State as its business address—2421 McCook Drive, Georgetown TX, 78626—is not a business address at all. It is, instead, Express Mobile's patent litigator Robert Kiddie's home address." Once again, Defendant has come to a conclusion and worked backwards to find facts to confirm its conclusion and fails to consider any alternative explanation. Instead of searching and obtaining records from the Texas Secretary of State, Defendant, for some reason relies on the Franchise Tax Details one can obtain by searching the website for the Texas Comptroller of Public Accounts. *See* https://mycpa.cpa.state.tx.us/coa/coaSearch.do.

Through some quirk in its system, the Texas Comptroller website lists as the mailing address for an entity, the address provided as the registered agent's address when a company registers to do business in or is formed in Texas and registers that formation. In registering a company to do business in Texas, the Secretary of State requires only that a corporation provide its principal office address. (*See* Declaration of Robert Kiddie attached hereto as Exhibit B at ¶ 6.) It does not require that this address be in Texas. Kiddie Decl. at ¶ 7. Further, it does require that the corporation identify a registered agent in Texas and provide an office address for said agent. (Kiddie Decl. at ¶ 8.) As Express Mobile's counsel works out of a home office and agreed to serve as Express Mobile's registered agent in Texas, this address—2421 McCook Drive, Georgetown TX, 78626—was the address that was provided during the registration process. (Kiddie Decl. at ¶¶ 4-5, 11.)

8. The principal office address of the corporation is:
**38 Washington Street, Novato, CA, USA 94947**

☐ 9A. The initial registered agent is an organization by the name of:

☑ 9B. The initial registered agent is an individual resident of the state whose name is:
**Robert Kiddie**
☑ 9C. The business address of the registered agent and the registered office address is:

**2421 McCook Drive Georgetown TX 78626**

This is public information that is available to any diligent person by logging on to the Secretary of State's website and requesting the registration document. (Kiddie Decl. at ¶ 9.) However, instead of seeking out a full factual record, Defendant relies solely on sources that comport with its biased, self-serving narrative.

The fact is that Express Mobile never "elected to present to the Texas Secretary of State" that its business address is 2421 McCook Drive, Georgetown TX, 78626, as Defendant asserts. (Kiddie Decl. at ¶ 10.) That fact is that Defendant never even sought out the records on file with the Texas Secretary of State, or if it did so, is intentionally trying to mislead this Court.

## V. CONCLUSION

For the foregoing reasons, Express Mobile respectfully requests that the Court deny Defendant's Amended Motion to Dismiss in its entirety. In the alternative, should the Court consider the current factual record incomplete, Express Mobile would respectfully request that the Court order discovery to be taken and additional briefing so that the Court can consider a complete evidentiary record before ruling on Defendant's motion.

Dated: June 16, 2017

DEVLIN LAW FIRM LLC

By: */s/ Robert Kiddie*

Robert Kiddie
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
Devlin Law Firm LLC
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Counsel for Express Mobile, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on June 16, 2017.

*/s/ Robert Kiddie*
Robert Kiddie