**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EXPRESS MOBILE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIGCOMMERCE, INC., <br><br> Defendant. | Civil Action No. 2:17-cv-00160-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY TO EXPRESS MOBILE'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**

**Patent venue is not necessarily proper in EDTX just because BigCommerce is incorporated in Texas**: The Supreme Court and lowers courts have found that patent venue is not necessarily proper in all judicial districts within a multi-district state of incorporation.

- *Stonite Products Co. v. Melvin Lloyd Co.*, 62 S.Ct. 780 (1942) (finding patent venue improper in a judicial district *within* a multi-district state of incorporation where the defendant lacked a regular and established place of business).

- *California Irr. Servs., Inc. v. Bartron Corp.*, 654 F. Supp. 1, 2–3 (N.D. Cal. 1985) ("The issue . . . is therefore whether residence for a corporation under § 1400(b) is limited to the district in defendant's state of incorporation where its principal place of business is located, or whether . . . it includes every district in the state of incorporation . . . Although *Stonite* does not spell out the standard for inhabitant (or resident) of a district, from the facts and the holding, we conclude that for the purposes of § 1400(b), a defendant corporation resides in the district in its state of incorporation where its principal place of business is.").

- *Action Commc'n Sys., Inc. v. Datapoint Corp.*, 426 F. Supp. 973, 974–75 (N.D. Tex. 1977) ("I am led to the inescapable conclusion that a corporation may be sued under the s 1400(b) residence provision only in the state of incorporation and, within that state, only in the judicial district where its principal place of business is located.").

*But see*

- *B.W.B. Controls, Inc. v. C.S.E. Automation Eng'g & Servs., Inc.*, 587 F. Supp. 1027, 1028 (W.D. La. 1984) (holding that a defendant corporation 'resides', and venue is proper under section 1400(b), in any judicial district in its state of incorporation, but neither citing nor analyzing *Stonite* instead citing *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 320–24 (5th Cir.1977) which ruled the same for 28 U.S.C. § 1391(c)—no longer a legitimate way to interpret § 1400).

***Stonite* is still binding Supreme Court precedent**: "In *Fourco*, [the Supreme] Court reaffirmed *Stonite*'s holding." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). Indeed, *Fourco* stated, "The soundness of the *Stonite* case is not here assailed." *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 225, 77 S. Ct. 787, 790, 1 L. Ed. 2d 786 (1957). Express Mobile is correct that *Stonite* is 75 years old. But *Fourco* is 50 years old and is the governing law on the point. *Stonite*'s mere age does not undermine its binding effect.

**That *Stonite* applied the old patent venue statute is irrelevant**: The Supreme Court has squarely rejected Express Mobile's point that *Stonite* applies an older version of the statute. "28 U.S.C. § 1400(b), 28 U.S.C.A. § 1400(b) made no substantive change from 28 U.S.C. (1940 ed.) § 109 as it stood and was dealt with in the *Stonite* case." *Fourco*, 353 U.S. at at 228. And "Congress has not amended § 1400(b) since *Fourco*." *TC Heartland*, 137 S. Ct. at 1516. Specifically, the Supreme Court "concluded that 'resides' in the recodified version of § 1400(b) bore the same meaning as 'inhabit[s]' in the pre–1948 version. The words 'inhabitant' and 'resident,' as respects venue, are synonymous.' The substitution of 'resides' for 'inhabit[s]' thus did not suggest any alteration in the venue rules for corporations in patent cases." *Id.* at 1519 (citations omitted). *Stonite* is still binding law.

**Analogy**: BigCommerce is incorporated in Texas but lacks a place of business in EDTX, as is discussed *infra*. Stonite was incorporated in Pennsylvania but lacked a regular and established

place of business in WDPA. *Stonite*, 315 U.S. at 562. Venue was improper in WDPA over Stonite despite its incorporation in PA. *Id.* By analogy, venue is improper in EDTX over BigCommerce despite its incorporation in TX because it too lacks a place of business in EDTX as discussed *infra*.

**Logic:** Independent of precedent, an exercise in logic suffices to support the position that residing *only* in Texas means nothing about residing in one of its judicial districts. Say John Smith's sole place of residence is California. Thus, John resides only in the United States. But Alaska is also within the United States. It does not follow that John resides in Alaska. BigCommerce is incorporated in Texas. Thus, BigCommerce resides only in Texas. The Eastern District of Texas is within Texas. It does not necessarily follow that BigCommerce resides in EDTX.

**Requiring a place of business does not render prong two superfluous**: An interpretation of *Stonite*—that patent venue is improper in those judicial districts *within* a multi-district state of incorporation where the defendant lacks a regular and established place of business—does not render prong two of the patent venue statute superfluous. This is trivially demonstrable. Even under this interpretation, if a defendant has a place of business and commits acts of infringement in some state other than its state of incorporation, prong two—*not* under the residency prong— renders venue proper.

**BigCommerce has no place of business in EDTX**: The Federal Circuit held, "In determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there and not as Cordis argues, whether it has a fixed physical presence in the sense of a formal office or store." *In re Cordis Corp.*, 769

F.2d 733, 737 (Fed. Cir. 1985). In its previous declaration in its opening brief, because it was unaware of the *Cordis* case, BigCommerce's General Counsel attested to BigCommerce's fixed physical presence in the sense of a formal office or store.

- "BigCommerce does not have a place of business (office, warehouse, distribution center, campus, lab, sales office, or anything remotely similar) within the Eastern District of Texas. BigCommerce's places of business in the United States are limited to two cities—San Francisco, CA and Austin, TX. One BigCommerce employee works from Newport Beach, California, from an office for which BigCommerce does not pay." Doc 13-1 at ¶ 2-3.

In light of *In re Cordis*, BigCommerce conducted a comprehensive sweep of all its customers *and* all its employees. Only two connections exist:

- One mid-level engineer works from his home in Murphy, Texas, in the Eastern District of Texas. BigCommerce does not pay for his home or home office. His work-from-home situation is an accommodation to him, period, full stop, end of story. His work has not a figment of connection to this District. His presence in this District is his personal preference which BigCommerce accepts as an accommodation; his personal residence is neither a permanent nor continuous BigCommerce outpost in this District. *See*, Ex. A, Supplemental Declaration of Jeff Mengoli at ¶ 2; *and*

- Fewer than one percent of BigCommerce's customers are located in the Eastern District of Texas; *id.* at ¶ 3.

These ties do not amount to a "permanent and continuous" presence in this District. In *Univ. of Ill. Foundation v. Channel Master Corp.*, 382 F.2d 514 (7th Cir. 1967), the Seventh Circuit found venue improper for a New York-based defendant whose sole employee worked from his home in Illinois promoting sales of his employer's products. All orders from customers were accepted in the New York home office, all shipments were made from the home office to customers and all payments by customers were made to that office. In *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985), the Federal Circuit found patent venue proper in Minnesota over a company incorporated in Florida which (i) engaged a secretarial service in MN, (ii) hired two full-time sales reps based in MN who worked out of their home offices, claimed tax deductions

for these offices, and kept $30,000 and $60,000 worth of stock in their home offices respectively, (iii) the two reps were present in operating rooms during a significant number of medical procedures involving the accused products where they served as technical consultants. The Federal Circuit distinguished the Seventh Circuit case as follows, "Unlike Cordis' representatives who continually maintain a stock of its products within the district, the sales representative in Channel-Master kept no stock or samples of the products. Additionally, while there was evidence that the sales representative therein conducted seminars with distributors to promote his employer's products, there was no evidence to demonstrate that such activities were carried on concerning the specific product which was the subject of the infringement action."

BigCommerce is similar to Channel Master and dissimilar to Cordis. Like Channel Master, BigCommerce's employee in Murphy, Texas keeps no stock or samples of BigCommerce's products. Whereas the Channel Master employee conducted seminars with distributors to promote his employer's products in Illinois, no such activity is present here. Thus, if anything, BigCommerce has a stronger case than Channel Master, where venue was deemed improper.

**Further jurisdictional discovery is unnecessary**: An assessment of the following factors suffices to conclude that no jurisdictional discovery is warranted in this matter: (i) the detail and specificity of BigCommerce's General Counsel's affidavit submitted under perjury; (ii) Express Mobile's boilerplate venue assertions, Complaint at ¶¶ 6-7, none of which come within healing distance of alleging a single fact that this Court could use to infer the existence of a place of business in this District,and (iii) the legal standard for place of business set forth in *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

**BigCommerce's transfer-related briefing was proper**: Express Mobile argues that it was improper for BigCommerce to brief the issue of transfer in a motion to dismiss for improper

venue. Response at 5. This is a strange argument. 28 U.S.C. § 1406 states that if venue is improper, transfer is an appropriate relief if it is in the interest of justice. Given that BigCommerce moved to dismiss for improper venue, it was incumbent upon BigCommerce to explain to the Court why the relief it sought, a transfer to the Northern District of California as opposed to the Western District of Texas, was warranted. The argument is particularly strange because Express Mobile was *ordered* by this very Court to brief the identical issue in a related matter. *See, e.g.*, *Express Mobile, Inc. v. Alpine Consulting, Inc.*, 2:17-cv-126 ECF No. 13 (June 2, 2016) (ordering parties to brief, in the context of a 12(b)(3) motion, "to where the case should be transferred if the Court finds the motion should be granted").

**Conclusion**: BigCommerce submits that no jurisdictional discovery is needed to grant this motion and transfer this matter to the Northern District of California under FRCP 12(b)(3).

Dated: June 22, 2017                                   Respectfully submitted,

 */s/ Amit Agarwal*
Amit Agarwal
California State Bar # 294269
14420 Edinburgh Moor Dr.
Wimauma, FL 33598
Telephone: (310) 351-6596
Email: ama7386@gmail.com

Bobby Lamb
State Bar No. 24080997
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: wrlamb@gillamsmithlaw.com

***Attorneys for Defendant***
***BigCommerce, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 22, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

>  */s/ Bobby Lamb*
>  Bobby Lamb