**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EXPRESS MOBILE, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>BIGCOMMERCE, INC.<br><br>        Defendant. | C.A. No. 2:17-cv-160-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**EXPRESS MOBILE'S SUR-REPLY TO DEFENDANT'S AMENDED MOTION TO
DISMISS FOR IMPROPER VENUE**

Notwithstanding Defendant's shifting positions, Defendant has still not shown that venue is improper in this District.

The fundamental holding of *TC Heartland* is that 28 U.S.C. § 1400(b) is the ***only*** applicable statute for patent venue purposes. Other analyses that were based on any other venue statute are therefore not applicable.

The Supreme Court has also answered the question as to what the term "resides" means. Specifically, "[a]s applied to domestic corporations, residence in § 1400(b) refers only to the State of incorporation." *TC Heartland,* No. 16-341, Slip Op. at 10 (May 22, 2017) (internal citations omitted). Defendant seeks to rely on § 1391(c), which holds that venue should be measured district by district. But Defendant cannot have its cake and eat it too. The same *TC Heartland* decision that prohibits reliance on § 1391(c) in patent cases (providing that corporations reside wherever they are subject to personal jurisdiction), also prohibits reliance on § 1391(d). *See TC Heartland, supra* at 5-6.

Defendant's reference to the second prong of § 1400(b) is irrelevant as it only an alternative set of factors that give rise to proper venue. The issue here the first prong of §

1

1400(b). On this provision, *TC Heartland* is clear. A domestic corporation resides in *the State* where the defendant is incorporated. *TC Heartland, supra* at 10.

The facts are not in dispute here. BigCommerce is incorporated in Texas. The city of Marshall is in the Eastern District of Texas, which is entirely within the State of Texas. Therefore, venue is proper in this District.

For the foregoing reasons, Express Mobile respectfully requests that the Court deny Defendant's Amended Motion to Dismiss in its entirety.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 29, 2017 | DEVLIN LAW FIRM LLC |
|  | /s/ *Robert Kiddie*<br>Timothy Devlin (DE 4241)<br>Robert Kiddie<br>Texas Bar No. 24060092<br>1306 N. Broom Street, First Floor<br>Wilmington, DE 19806<br>(302)-449-9010<br>tdevlin@devlinlawfirm.com<br>rkiddie@devlinlawfirm.com |
|  | *Counsel for Express Mobile, Inc.* |

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on June 29, 2017.

*/s/ Robert Kiddie*
Robert Kiddie