**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

EXPRESS MOBILE, INC.

        Plaintiff,

  v.

BIGCOMMERCE, INC.

        Defendant.

C.A. No. 2:17-CV-160

**JURY TRIAL DEMANDED**

**EXPRESS MOBILE, INC.'S RESPONSE TO BIGCOMMERCE, INC.'S
<u>MOTION TO TRANSFER VENUE</u>**

Timothy Devlin (DE 4241)
1306 N. Broom Street, First Floor
Wilmington, DE 19806
(302)-449-9010
tdevlin@devlinlawfirm.com
*Counsel for Plaintiff Express Mobile, Inc.*

Dated: October 10, 2017

## TABLE OF CONTENTS

I.   Introduction ........................................................................................................... 1

   A.   Factual Background ........................................................................................ 3
     1.   XMO History in Texas is Legitimate and Substantially Predates Filing of this Case .. 3

II.  Legal Standard .................................................................................................... 4

III. Argument ............................................................................................................ 5
   A.   Transfer to the Northern District of California Is Not Clearly More Convenient ........... 5
     1.   Private Interest Factors ............................................................................. 5
     2.   Availability of Compulsory Process ............................................................ 8
     3.   Cost to Willing Witnesses ........................................................................ 9
     4.   Judicial Economy and Other Practical Problems ......................................... 9

   B.   Public Interest Factors ................................................................................. 10
     1.   Court Congestion ................................................................................... 10
     2.   Local Interest Factor .............................................................................. 10

   C.   Venue Discovery ......................................................................................... 11

IV.  Conclusion ........................................................................................................ 12

# TABLE OF AUTHORITIES

**<u>Case</u>**                                                                                 **<u>Page</u>**

*CentreOne v. Vonage Holdings Corp.*,
  2009 WL 2461003 (E.D. Tex. Aug. 10, 2009) ....................................................8

*In re Nintendo Co.*,
  589 F.3d 1194, 1200 (Fed. Cir. 2009) ...............................................................5
5
*In re Volkswagen of Am. Inc.*,
  545 F.3d 304 (Fed. Cir. 2008)................................................................... *passim*

*Tex. Data Co., L.L.C. v. Target Brands, Inc.*,
  771 F. Supp. 2d 630 (E.D. Tex. 2011)...............................................................5

*Vertical Computer Sys., Inc. v. LG Electr. MobileComm U.S.A., Inc.*,
  WL 2241947 (E.D. Tex. May 21, 2013).............................................................9

## OTHER AUTHORITIES

28 U.S.C. § 1404........................................................................................................4

## I.       INTRODUCTION

Plaintiff Express Mobile, Inc. ("Express Mobile"), respectfully requests the Court deny BigCommerce, Inc.'s (BigCommerce") Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) ("Motion").[1]  Express Mobile's choice of forum should not be disturbed absent a demonstration by BigCommerce that the proposed transferee district is clearly more convenient.  BigCommerce has not satisfied this burden as the private and public interest factors do not clearly weigh in favor of transfer.

*Private Interest Factors*

BigCommerce cherry-picks a few witnesses located in the Northern District of California while ignoring the fact that likely party witnesses for BigCommerce who would be expected to testify are located in Texas, much closer than to the Eastern District of Texas than the Northern District of California.  Also, many third-party witnesses identified in BigCommerce's recently served invalidity contentions also reside outside of the Northern District of California and in closer proximity to the Eastern District of Texas.

The availability of compulsory process also does not favor transfer.  BigCommerce identifies two third-party witnesses, authors of alleged prior art, who reside in the Northern District of California while ignoring the fact that the majority of the alleged prior art third-party witnesses reside outside of the Northern District of California and are, in fact, closer to the Eastern District of Texas.

---

[1] It should be noted at the outset that BigCommerce failed to comply with the meet and confer requirements of L.R CV-7(h) and (i).  The entirety of BigCommerce's attempt to comply with the local rules consisted of a two emails asking whether Express Mobile would oppose a motion to transfer.  This falls far short of the rule's minimum requirement of a telephone conference between an attorney for the movant and an attorney for the non-movant in a sincere effort to present the "merits of their respective positions and meaningfully assess the relative strengths of each position."

The cost of attendance for willing witnesses, likewise, does not favor transfer.  This factor considers willing third-party witnesses.  BigCommerce, however, focuses on party witnesses and the two cherry-picked third-party witnesses it identified while ignoring other third-party witnesses it readily identified in the P.R. 3-3 invalidity contentions served on Express Mobile.

Additionally, judicial economy is not served by transferring the matter to the Northern District of California as another case concerning the same patents is currently pending in the District of Delaware.  In fact, lead counsel for BigCommerce is also lead counsel for the defendant in the Delaware matter.

*Public Interest Factors*

Likewise, the public interest factors do not clearly weigh in favor of transfer.  BigCommerce does not make any credible argument that transfer to the Northern District of California will not delay the resolution of this case.  This instant matter is currently on track for trial in less than eleven months.  There is currently no schedule in the matter BigCommerce seeks to combine with in the Northern District of California and any schedule will likely only delay trial of this matter to the prejudice of Express Mobile.  Additionally, in the aftermath of *TC Heartland*, the congestion of the Eastern District of Texas is likely to be alleviated while the congestion in the Northern District of California is likely to increase.  One only has to look at the recent filings to see that filings in the Eastern District of Texas are trending downward while those in the Northern District of California are trending upward.

BigCommerce misleadingly asserts that its headquarters are in the Northern District of California to support its assertion that the proposed transferee district has a more compelling localized interest in hearing the matter.  However, BigCommerce's assertion is belied even by its

own filings with the California Secretary of State and confirm that BigCommerce is, in fact, not only incorporated in, but also headquartered in Texas.

Other public interest factors are not at issue and therefore are neutral at best.

*In re Volkswagen of Am. Inc.*, 545 F.3d 304,314, n. 10, 315 (Fed. Cir. 2008 ("*Volkswagen II*"). Absent this showing, Express Mobile's choice of forum is entitled to deference and BigCommerce's Motion to Transfer should be denied.

### A.     Factual Background

#### 1.     XMO History in Texas is Legitimate and Substantially Predates Filing of this Case

Express Mobile's history in Texas significantly predates the filing of this case, and more importantly, of any case. Express Mobile first leased office space in Texas in 2014 more than a year before Express Mobile filed its first complaint against BigCommerce. (Dkt. 14 at 7-8.)

Express Mobile originally filed a complaint against BigCommerce alleging infringement of U.S. Patent Nos. 6,546,397 and 7,594,168 on April 8, 2016. Two days prior to the initial scheduling conference, at the behest of then outside counsel for BigCommerce, Express Mobile dismissed the case without prejudice. (Dkt. 10 in C.A. 2:16-cv-00384.) This was done to help facilitate settlement so that the parties could focus on negotiating a license to asserted patents outside of burdens of pending litigation.[2] Up until then, the parties had made significant progress in the license negotiations.

Shortly after the dismissal, Jeff Mengoli, General Counsel for BigCommerce began directly handling negotiations. Negotiations progressed until BigCommerce hired new outside

---

[2] Express Mobile does not believe BigCommerce will contest this fact but is happy to submit the declaration of Express Mobile's co-counsel who engaged in discussions with BigCommerce's previous outside counsel.

3

counsel.  Upon the hiring of new outside counsel, settlement negotiations immediately broke down precipitating the filing of the instant matter on February 27, 2017.  (Dkt. 1.) [3]

In May, in light of the Supreme Court's ruling in *TC Heartland,* Express Mobile sought to continue the scheduling conference docketed by the Court in order to consider whether venue was proper in the Eastern District of Texas for the then active defendants.  (Dkt. 23.)  This was a reasonable response to the Supreme Court's decision.

In the interest of justice, and despite BigCommerce having filed a previous Fed. R. Civ. P Rule 12 motion that did not raise venue as an issue (Dkt. 14 in C.A. No. 2:17-cv-00130), and unlike another BigCommerce matter pending before this Court, *Diem LLC v. BigCommerce, Inc.*, C.A. No.  6:17-cv-00186, Express Mobile agreed not to assert that BigCommerce waived its venue argument and did not contest BigCommerce's Motion for Leave to File an Amended Motion to Dismiss (Dkt. 30 in C.A. No. 2:17-cv-00130).  In its amended motion, BigCommerce completely changed course, nominally seeking dismissal for improper venue but explicitly requesting transfer to the Northern District of California.  The Amended Motion to Dismiss was fully briefed by the parties (*see* Dkt. 13-17) and Express Mobile pointed out that BigCommerce failed to argue the private and public interest factors (Dkt. 14 at 1, 5).  BigCommerce now seeks to subvert judicial economy and serially file yet another motion seeking the same relief previously requested.

## II.     LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). BigCommerce bears "a significant burden . . . to show good cause" to support its motion to transfer.  *Volkswagen II,* 545 F.3d at

---

[3] Unless otherwise noted, docket citations refer to C.A. No. 2:17-cv-160.

314, n.10, 315; *see also Tex. Data Co., L.L.C. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 638-39 (E.D. Tex. Jan. 12, 2011) ("the Court … recognizes the significance of the burden and does not take it lightly").  Defendant must "satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315.

While Express Mobile does not dispute that its suit against BigCommerce could have been brought in the Northern District of California, BigCommerce nevertheless has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).  Determining whether BigCommerce has met its significant burden involves the consideration of various private and public interest factors, as discussed below.  *Volkswagen II*, 545 F.3d at 315.  The factors are not exhaustive or exclusive, and no one factor "can be said to be of dispositive weight." *Id.*

## III.    ARGUMENT

### A.    Transfer to the Northern District of California Is Not Clearly More Convenient

#### 1.    Private Interest Factors

BigCommerce has not shown that the Northern District of California is a clearly more convenient venue for this case.  When properly analyzed, the private interest factors do not favor transfer.

BigCommerce filed its Motion to Transfer (Dkt. 19), despite the Court having yet to rule on BigCommerce's previous Amended Motion to Dismiss (Dkt. 13).  In its Amended Motion to Dismiss, BigCommerce explicitly requested a transfer to the Northern District of California.  In its response (Dkt. 14), Express Mobile demonstrated why BigCommerce's position was wrong and pointed out the inadequacy of BigCommerce's effort to get the matter transferred to the

Northern District of California, having failed to consider the private and public interest factors. BigCommerce now seeks another bite at the apple in a second effort at transfer.

### a.      Relative Ease of Access to Sources of Proof

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof.  BigCommerce focuses solely on sources located in the Northern District of California and ignores other possible sources of proof that do not support its motion.

First, BigCommerce asserts that it is headquartered in the Northern District of California. However, this self-serving statement is contrary its own regulatory filings and to numerous sources that indicate its headquarters are in Austin, TX, much closer to this District than BigCommerce would have this Court believe.  (*See, e.g.*, http://www.businesswire.com/news/home/20130219005468/en/Bigcommerce-Signs-New-Austin-Office-Lease; https://www.linkedin.com/company/103315/; https://www.crunchbase.com/organization/bigcommerce#/entity; https://www.bizjournals.com/austin/news/2013/02/18/bigcommerce-moving-austin-hq-near-lake.html.)

BigCommerce's main argument seems to rest solely on the convenience of witnesses it has identified who are located in the Northern District of California.  BigCommerce conveniently and self-servingly ignores a number of potential witnesses who are not present in the Northern District of California and who would likely be called to testify.

BigCommerce identifies two party witnesses located in the Northern District of California: the chief product officer and chief technology officer.  (Dkt. 19 at 5.)  However, in conceding that its Texas presence includes "upper management for corporate and finance" (Dkt. 13 at 3), BigCommerce fails to consider party witnesses that reside in Texas and who would

6

have to travel significantly greater distance to San Francisco.  Corporate records relating to revenues from the accused instrumentalities are likely to be located in its U.S. corporate headquarters in Texas.

While it may be true that some of the documents in BigCommerce's possession regarding the accused technology are located in the Northern District of California, these documents are just as likely to be found and available at its Texas headquarters.  It cannot be reasonably disputed that modern developments in electronic data storage have diminished the burden of transferring evidence from one district to another.  While this does not render this factor superfluous, as pointed out above, the facts of this case demonstrate that this factor is neutral at best and does not weigh heavily in favor of transfer.

Regarding witnesses, while BigCommerce has identified a couple of party witnesses who would be forced to travel if called at trial, BigCommerce is conspicuously silent when it comes to witnesses pertaining to damages.  BigCommerce fails to consider its own key witnesses in Texas, for example CFO Robert Alvarez and SVP of Global Sales Tod Klubnik, who have relevant knowledge regarding potential damages, and who would need to travel more than 1,500 miles to San Francisco should this matter be transferred.  (*See, e.g.,* https://www.travelmath.com/flying-time/from/San+Francisco,+CA/to/Austin,+TX (if flying); https://www.distance-cities.com/distance-austin-tx-to-san-francisco-ca (if driving)).  If the case is maintained in Texas, that travel mileage is reduced to less than 300 miles.  (*See, e.g.* https://www.distance-cities.com/distance-austin-tx-to-marshall-tx.)  It is difficult to see how a plane flight for a couple of party witnesses located in the Northern District of California, and a couple of nights in a hotel would constitute a substantial hardship to justify transfer of this case.

## 2.    Availability of Compulsory Process

The primary consideration under this factor is the Court's ability to compel unwilling non-party witnesses to attend deposition or trial.  *See, e.g., CentreOne v. Vonage Holdings Corp.*, 2009 WL 2461003, at *6 (E.D. Tex. Aug. 10, 2009).

BigCommerce argues that "[t]ransfer is favored when more third-party witnesses reside within the transferee venue."  (Dkt. 19 at 6.)  In support, BigCommerce identifies two third-party witnesses not affiliated with Express Mobile and declares that, because of their presence within the absolute subpoena power of the Northern District of California, it would clearly be more convenient than Express Mobile's chosen forum.  This ignores the numerous third-party witnesses that BigCommerce relies on in its invalidity contentions for whom transfer to the Northern District of California does not solve this issue.  More third-party witnesses reside outside of the Northern District of California than inside and they would have to travel significantly greater distances to reach the Northern District of California than the Eastern District of Texas.

These third-party witnesses include Eyal Gever, first named inventor on U.S. Patent No. 6,313,835 (New York, NY) (*see* www.linkedin.com/in/eyalgever); Richard S. Bernardo, first named inventor on U.S. Patent Nos. 6,219,680 and 6,185,587 (Boston, MA) (*see* https://www.linkedin.com/in/richbernardo/); Debbie Pinard, first named inventor on U.S. Patent No. 5,940,834 (Ottawa, Canada) (*see* https://www.linkedin.com/in/debbie-pinard-b971952/); Robert C. Miller, coauthor "Creating World Wide Web Pages by Demonstration," (Cambridge, MA) (*see* https://people.csail.mit.edu/rcm/mit-cv.pdf); Brad A. Myers, coauthor "Creating World Wide Web Pages by Demonstration," (Pittsburgh, PA) (*see* https://www.linkedin.com/in/bradamyers/); and David Skok founder of SilverStream (Cambridge, MA) (*see* https://www.linkedin.com/in/dskok/).

8

All of these witnesses are outside of the Northern District of California and thus compulsory process is not available for them.  These witnesses, should they be willing, would also have to travel significantly longer distances to reach San Francisco than Marshall.  As such, this factor is neutral at best and does not strongly favor transfer.

### 3.      Cost to Willing Witnesses

Though all witnesses are considered under this factor, the cost of attendance of non-party witnesses is far more important than party witnesses.  *Vertical Computer Sys., Inc. v. LG Electr. MobileComm U.S.A., Inc.*, No. 2:10-CV-490-JRG, 2013 WL 2241947, at *4 (E.D. Tex. May 21, 2013) citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) ("it is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight in a transfer of venue analysis.").  BigCommerce improperly focuses its inquiry on party witnesses, ignoring the cost of venue change for most of the third-party witnesses who may willingly attend trial.  As shown above, should they be willing, the majority of the third-party witnesses identified in BigCommerce's invalidity contentions would have to travel much further to attend trial in San Francisco than Marshall, Texas.  Thus, this factor does not weigh in favor of transfer.

### 4.      Judicial Economy and Other Practical Problems

While this factor concerns judicial economy including the potential of duplicative suits involving the same or similar issues that may create practical difficulties, the transfer of this case to the Northern District of California does nothing solve this issue as there is currently a case pending in the District of Delaware regarding the same patents.  This fact cannot be lost on BigCommerce as its lead counsel is also the lead counsel in the matter pending before the Delaware court.

### B.     Public Interest Factors

#### 1.     Court Congestion

BigCommerce merely hand waves at this factor and does not present any real argument other than that both this district and the proposed transferee district have detailed local rules that streamline patent cases and asserting that this factor is neutral.  (Dkt. 19 at 11.)  BigCommerce conveniently ignores the fact that the court presiding of the California matter has not even set a schedule while this case is already proceeding on a schedule that places the claim construction hearing before the end of this year and trial in less than eleven months.

Additionally, in light of *TC Heartland*, new filings and transfers to the Northern District of California are likely to increase, while new filings and transfers to the Eastern District of Texas are likely to drop.

#### 2.     Local Interest Factor

BigCommerce argues that it is headquartered in the Northern District of California.   This is belied by BigCommerce's own regulatory filings and numerous sources that state BigCommerce is headquartered in Texas.  (*See, e.g.*, http://www.businesswire.com/news/home/20130219005468/en/Bigcommerce-Signs-New-Austin-Office-Lease; https://www.linkedin.com/company/103315/; https://www.crunchbase.com/organization/bigcommerce#/entity; https://www.bizjournals.com/austin/news/2013/02/18/bigcommerce-moving-austin-hq-near-lake.html.)  BigCommerce is a Texas entity having incorporated in Texas in 2009.

| BIGCOMMERCE, INC. | |
|---|---|
| Texas Taxpayer Number | 32038936673 |
| Mailing Address | 11305 FOUR POINTS DR C/O BLDG II 3RD FLR AUSTIN, TX 78726-2204 |
| Right to Transact Business in Texas | ACTIVE |
| State of Formation | TX |
| Effective SOS Registration Date | 02/20/2009 |
| Texas SOS File Number | 0801089133 |
| Registered Agent Name | JEFFREY MENGOLI |
| Registered Office Street Address | 11305 FOUR POINTS DR. BLDG 2, FLR 3 AUSTIN, TX 78726 |

*Source*: https://mycpa.cpa.state.tx.us/coa/coaSearchBtn

Furthermore, in a filing with the California Secretary of State, BigCommerce lists its

Texas office and not California, as its principal executive office.

Corporate Addresses

④ a. 11305 Four Points Drive, #300          Austin          TX  78726
    *Street Address of Principal Executive Office - Do not list a P.O. Box*          *City (no abbreviations)*          *State*   *Zip*

   b. 1685 Market Street #300          San Francisco          CA  94105
    *Street Address of Principal Office in California, if any - Do not list a P.O. Box*          *City (no abbreviations)*          *State*   *Zip*

   c. _____          _____          ___   _____
    *Mailing Address of Principal Executive Office, if different from 4a or 4b*          *City (no abbreviations)*          *State*   *Zip*

Read and sign below: This form must be signed by an officer of the foreign corporation.

▶ _____          Robert Alvarez          CFO
   *Sign here*          *Print your name here*          *Your officer title*

*Source*: https://businesssearch.sos.ca.gov

It is odd that BigCommerce availed itself of the laws of Texas, including its relatively

low tax status and other advantages relative to California, but now seeks to leave Texas when it

suits them.

### C.    Venue Discovery

Ironically, BigCommerce concludes its motion complaining that Express Mobile has not

served discovery on it regarding venue.  This is a straw man argument as this Court has not ruled

11

on Express Mobile's request regarding such discovery.  Indeed, in its response to BigCommerce's Amended Motion to Dismiss, Express Mobile explicitly stated, "In the alternative, should the Court consider the current factual record incomplete, Express Mobile would respectfully request that the Court order discovery to be taken and additional briefing so that the Court can consider a complete evidentiary record before ruling on Defendant's motion." (Dkt. 14 at 10.)   At this time, as this Court has not ruled on venue, discovery would appear to be a wasteful exercise.  Should the Court think there is a venue issue, Express Mobile respectfully reiterates its request that the Court order discovery to be taken and additional briefing so that the Court can consider a complete evidentiary record.

## IV.    CONCLUSION

For the foregoing reasons, Express Mobile respectfully requests that the Court deny Defendant's Motion to Transfer.

Dated: October 10, 2017                     DEVLIN LAW FIRM LLC

By:  */s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No.4241
tdevlin@devlinlawfirm.com
Robert Kiddie
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
1306 N. Broom Street, First Floor
Wilmington, DE  19806
(302)-449-9010

*Counsel for Plaintiff Express Mobile, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on October 10, 2017.

/s/ Timothy Devlin
Timothy Devlin